## Commonwealth v. Maconi

*Karl W. Johnson,* for Commonwealth.
*James A. Cochrane,* for defendant.

VAN RODEN, P. J. (specially sitting), April 15, 1947.—Defendant was tried and convicted on an indictment charging that he unlawfully operated a motor vehicle on the Chester Pike, one of the highways of the Commonwealth of Pennsylvania, at Ridley Park, Delaware County, "after his operator's license was suspended or revoked and before his operating privilege was reinstated". Before sentence was imposed

thereon defendant filed motions for new trial and in arrest of judgment "on the ground that the suspension and revocation of the license set forth in the indictment was a matter outside the jurisdiction of this Commonwealth and was not a proper basis for an indictment in this case". The matter was argued before the court en banc (Ervin and Sweney, JJ., and van Roden, P. J., specially sitting).

The facts of the case are virtually undisputed. At the trial the Commonwealth proved by competent evidence that defendant, a resident of the State of New Jersey, had his driver's license privilege duly revoked by the Commissioner of Motor Vehicles of the State of New Jersey on January 5, 1945. Thereafter, on January 23, 1946, defendant operated a motor vehicle in this county. At that time his operating license privilege had not been restored in New Jersey, nor did he then possess an operator's license issued by this Commonwealth.

Section 620 of the Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §231(h), provides that:

"It shall be unlawful for any person to commit any of the following acts:

(h) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated."

It is further provided by the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, sec. 17, as amended June 25, 1937, P. L. 2097, sec. 11, 75 PS §1269, that:

"Any person who operates a motor vehicle within this State after his operator's license or operating privilege has been suspended or withdrawn, and before such license or privilege has been reinstated, and any person, a nonresident of this State, who operates a motor vehicle within this State after his operating privilege has been suspended or withdrawn, and before

such operating privilege has been reinstated, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment for not more than one (1) year, or by fine not exceeding one thousand dollars ($1000), or both, in the discretion of the court."

Both the above-mentioned acts were in full force in this Commonwealth at the time of the offense and also at the time of the trial.

The sole question here involved is whether it is an indictable offense for a resident of New Jersey to operate an automobile in this Commonwealth after his New Jersey operator's license privilege has been revoked and prior to the restoration thereof, or whether such conduct constitutes merely the summary offense of operating a motor vehicle without a license. It is obvious that we are not here concerned with any violation of the laws of the licensing State. It is the operation of the motor vehicle by defendant upon the highways of this Commonwealth which confers jurisdiction upon the court. Driving an automobile in this Commonwealth without a license is prohibited. Violators of this prohibition fall into two classes: Those who have never been licensed, and those whose licenses have been lost. As stated in Commonwealth v. Krupa, 40 D. & C. 572, 574 (1941):

"It seems clear that the legislature intended to place those whose operating privileges had been suspended in a different class from those who never lost their operating privileges through suspension."

Such classification is entirely reasonable. As stated in Commonwealth v. Gernert, 33 D. & C. 620, 622 (1938):

"Certainly, one who has had the privilege of driving revoked for cause, and who has either been unable or has neglected to obtain a reinstatement of the privilege, is in a different class of delinquents, if he chooses to drive without a license, from a person who has never had his license revoked."

It is not reasonable to infer that the legislature intended that nonresidents who have lost their driving privilege should be preferred over residents whose operating license privileges have been revoked. It must be held, therefore, that the legislature clearly intended it to be an indictable offense for a nonresident whose operating license privileges have been revoked by the State of his residence to operate a motor vehicle upon the highways of this Commonwealth prior to the restoration of such operating license privilege.

Accordingly, the motions in arrest of judgment and for new trial are hereby refused and dismissed, and defendant is directed to comply forthwith with the sentence of payment of fine and costs heretofore imposed.